IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL J. TANNER,                          Case No. 3:14-cv-01008-AA
dba TANNERITE EXPLOSIVES,                       OPINION AND ORDER
a sole proprietorship,

        Plaintiff,

    v.

ANITA PHILLIPS, and the
OFFICE OF FIRE MARSHAL,
STATE OF OREGON,

        Defendants.
_____

Daniel J. Tanner
36366 Valley Road
Pleasant Hill, OR 97455
    Pro se plaintiff

Ellen F. Rosenblum
Tracy J. White
Paul Reim
Attorney General's Office
Department of Justice
1162 Court Street NE
Salem, OR 97301
    Attorneys for defendants


Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Anita Phillips ("Phillips") and the Oregon Office of the State Fire Marshal ("Marshal") move to dismiss pro se plaintiff Daniel J. Tanner's complaint. For the reasons discussed below, defendants' motion is granted and this case is dismissed.

## BACKGROUND[1]

Plaintiff is engaged in the business of manufacturing explosives. At all relevant times, Phillips was a Marshal employee responsible for permitting decisions. Plaintiff planned a "special effects pyrotechnic show," on July 4, 2012, in Pleasant Hill, Oregon. Pl.'s Supplemental Mem. 2. Phillips, on behalf of the Marshal, denied plaintiff's permit to produce the show. Specifically, in a letter dated July 3, 2012, the Marshal explained that plaintiff was not authorized to produce the pyrotechnic explosives display because he "failed to provide the information needed to allow [defendants] to issue a permit." Pl.'s Supplemental Mem. Ex. D. Thereafter, Phillips notified the authorities in Pleasant Hill that plaintiff could not proceed with the display.

On June 23, 2014, plaintiff filed a complaint in this Court, alleging claims under: (1) 42 U.S.C. § 1983; and (2) state tort law

---

[1] Plaintiff's complaint contains few factual allegations; however, both plaintiff and defendants include additional facts in their briefs. In light of plaintiff's pro se status, and for the sake of judicial efficiency, the Court considers these facts in evaluating defendants' motion.

for reckless interference with economic activity.[2] Plaintiff seeks $66,000 in economic damages (his fee for the special effects show) and $100,000 in non-economic damages resulting from physical and emotional distress. Compl. at pg. 5.

### STANDARD OF REVIEW

Where plaintiff "fails to state a claim upon which relief can be granted," the Court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts"

---

[2] Because plaintiff does not articulate a cognizable legal theory under 42 U.S.C. § 1983, this Court construes his complaint as alleging deprivation of due process under the Fourteenth Amendment. This claim does not apply as asserted against the Marshal because plaintiff failed to allege or argue the existence of an agency policy, custom, or practice that was the moving force behind the alleged constitutional violation at issue. Mabe v. San Bernadino Cnty. Dep't of Pub. Soc. Serv., 237 F.3d 1101, 1111 (9th Cir. 2001).

to support its legal conclusions. <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011), <u>cert. denied</u>, 132 S.Ct. 2101 (2012).

**DISCUSSION**

I. Preliminary Matters

Three preliminary matters must be addressed before reaching the substantive merits of defendants' motion: (1) service of process; (2) the statute of limitations; and (3) the proper defendant pursuant to the Oregon Tort Claims Act ("OTCA").

A. Service of Process

Defendants assert that plaintiff did not effectuate proper service. Courts apply a "liberal and flexible construction" of the service rules, particularly where a pro se plaintiff is involved. <u>Borzeka v. Heckler</u>, 739 F.2d 444, 447 (9th Cir. 1984) (discussing an earlier version of Fed. R. Civ. P. 4). A court is not required to dismiss a complaint for ineffective service of process so long as "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) plaintiff would be severely prejudiced if his complaint were dismissed." <u>Id.</u>

Here, plaintiff's error was technical. It is undisputed defendants received actual and timely notice of this lawsuit and were not prejudiced by the defect in plaintiff's service. The Court therefore declines to dismiss this lawsuit due to ineffective

service of process.[3]

B. Statutes of Limitations

Defendants argue that plaintiff's claims are barred by the relevant statutes of limitations. Under the OTCA, which governs tort claims asserted against public bodies and their employees, "an action . . . shall be commenced within two years of the alleged injury." Or. Rev. Stat. § 30.275(9). Likewise, claims made under 42 U.S.C. § 1983 are subject to a two year statute of limitations in Oregon. See Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2004) (citing Or. Rev. Stat. § 12.110). Plaintiff alleges that he suffered harm on July 4, 2012, and he filed this lawsuit on June 23, 2014. As such, his claims are not time barred to the extent they accrued on or after June 23, 2012.

C. Proper Defendant

Defendants argue that Phillips was improperly named in regard to plaintiff's state law tort claim. The Court agrees and finds that Phillips is not a proper defendant under the OTCA with respect to plaintiff's claim for reckless interference with economic activity because she was acting within the scope of her employment

---

[3] For this reason, plaintiff's second supplemental brief in opposition, entitled "Motion to Compel Deputy Sheriff Matt Hingston to Appeal at Oral Argument Hearing, and Request to Postpone Hearing so he can Attend and Testify to his Service of Summons," is moot. See Vettrus v. Bank of Am., N.A., 2012 WL 5462914, *4 (D.Or. Nov. 6, 2012) (a case is moot if "there is nothing left for this Court to do").

when she engaged in the allegedly wrongful conduct. <u>See</u> Or. Rev. Stat. § 30.265 ("the sole cause of action for any tort of officers, employees, or agents of a public body acting within the scope of their employment or duties . . . shall be an action against the public body only"). Accordingly, this Court construes plaintiff's state tort claim as asserted solely against the Marshal.

## II. Reckless Interference with Economic Activity

Plaintiff alleges that defendants recklessly interfered with his economic activity by refusing to allow him to conduct a Fourth of July pyrotechnic display. Plaintiff's claim fails as a matter of law for two reasons. First, a party asserting a state law tort claim against a public officer or body is required to file notice within 180 days of the alleged loss or injury. Or. Rev. Stat. § 30.275(2). According to plaintiff, he provided two tort claim notices to defendants. <u>See</u> Pl.'s Resp. to Mot. Dismiss Exs. A, B. The first alleged notice inheres to a separate injury addressed in a previous proceeding, which was resolved on June 16, 2012, well before this litigation began. Defs.' Reply to Mot. Dismiss 2; Pl.'s Resp. to Mot. Dismiss Ex. A. The second purported notice was filed on June 20, 2014, almost two years after the alleged injury and therefore beyond the time allowed under Or. Rev. Stat. § 30.275. Pl.'s Resp. to Mot. Dismiss Ex. B.

Second, the Eleventh Amendment "bars suits in federal court [for damages] against a state and its agencies brought by its own

citizens and citizens of other states." In re Jackson, 184 F.3d 1046, 1049 (9th Cir. 1999) (citations omitted). The Marshal is a political subdivision of the State of Oregon and has not consented to suit. Defs.' Mem. in Supp. of Mot. Dismiss 8; see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) (state may waive its sovereign immunity under the Eleventh Amendment by expressly consenting to suit). As noted previously, the Marshal is the proper defendant for plaintiff's state law tort claims for monetary relief. Plaintiff's reckless interference with economic activity claim is not cognizable pursuant to either the OTCA or the Eleventh Amendment. Defendants' motion to dismiss is granted in this regard.

III. 42 U.S.C. § 1983

Plaintiff alleges that Phillips violated his constitutional rights by denying him a permit for a Fourth of July pyrotechnic explosives display. To state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendant, acting under color of state law, deprived him of an established statutory or constitutional right; and (2) qualified immunity does not attach. Pearson v. Callahan, 555 U.S. 223, 236 (2009). Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

Page 7 - OPINION AND ORDER

<u>Fitzgerald</u>, 457 U.S. 800, 818 (1981). Qualified immunity therefore
protects "all but the plainly incompetent or those who knowingly
violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).

Initially, plaintiff's 42 U.S.C. § 1983 claim fails at the
pleadings level. Plaintiff's allegations are vague, conclusory, and
void of factual support, even considering his response and
supplemental briefs. Specifically, plaintiff's complaint fails
because it does not "contain sufficient allegations of underlying
facts" to support his legal assertions. <u>Starr</u>, 652 F.3d at 1216.
Plaintiff merely concludes that his right to perform pyrotechnic
demonstrations is governed by "federal law, namely 18 USCS Section
841(h)(m)(n) and the doctrine of federal supremacy." Pl.'s
Supplemental Mem. 2. Yet plaintiff's right to manufacture
explosives as a controlled substance pursuant to 18 U.S.C. § 843
and 18 U.S.C. § 841(h)(3) is immaterial to the issue of whether
defendants properly regulated his use of such explosives in a
public Fourth of July display or denied him a fireworks permit
under state law. Or. Rev. Stat. § 480.110 (2012, *repealed by* Or.
Laws 2013, ch. 24, § 13)("any combustible or explosive composition
or substance, or any combination of such compositions or
substances, or any other article which was prepared for the purpose
of providing a visible or audible effect by combustion, explosion,
deflagration, or detonation"). Similarly, the "doctrine of federal
supremacy" does not preclude the state from controlling plaintiff's

pyrotechnic demonstrations because there is no conflict of laws. In other words, even accepting that plaintiff is federally licensed to manufacture explosives, he still must comply with Oregon's laws regulating the use and sale of fireworks when employing his explosives in a public pyrotechnic display. See Or. Rev. Stat. §§ 480.110, 480.120(1)(b) (2012); see also Or. Rev. Stat. §§ 480.111, 480.120(1)(b), 480.130 (2014).

The Court finds that Phillips reasonably interpreted the statutory definition of fireworks to include the explosives used by plaintiff in this context. Without a precise description of the composition of plaintiff's explosives, it is not clear which statutory definitions are implicated. Regardless, plaintiff's explosives, when used in a public pyrotechnic display, qualify as fireworks under Oregon law, such that a permit is required. It is undisputed that plaintiff did not obtain a fireworks permit because he failed to provide defendants with the requisite information.

Thus, Phillips' decision to prohibit plaintiff from his pyrotechnic demonstration when he did not have a permit from the Marshal was neither a violation of his clearly established rights nor unreasonable. Phillips is therefore entitled to qualified immunity. Defendants' motion to dismiss is granted as to plaintiff's 42 U.S.C. § 1983 claim.

## CONCLUSION

Defendants' Motion to Dismiss (doc. 16) is GRANTED.

Page 9 - OPINION AND ORDER

Defendants' request for oral argument is DENIED as unnecessary.
This case is DISMISSED and all pending motions are DENIED as moot.

IT IS SO ORDERED

Dated this ___28___ of October 2014.

Ann Aiken
United States District Judge