IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL TANNER, dba                          Case No. 6:14-cv-01008-AA
TANNERITE EXPLOSIVES,                              OPINION AND ORDER
a sole proprietorship,

        Plaintiff,

    v.

ANITA PHILLIPS, and
OFFICE OF FIRE MARSHAL,
STATE OF OREGON,

        Defendants.

_____

Andrea D. Coit
Harrang Long Gary Rudnick P.C.
360 E. Tenth Ave., Suite 300
Eugene, Oregon 97401
    Attorney for plaintiff

Ellen F. Rosenblum
Paul E. Reim
Tracy J. White
Oregon Department of Justice
1515 S.W. Fifth Ave., Suite 410
Portland, Oregon 97201
    Attorneys for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Daniel Tanner requests an indicative ruling, under Fed. R. Civ. P. 62.1, stating that this Court would grant his "Motion To Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)," or that the motion raises a substantial issue. For the reasons set forth below, plaintiff's request is denied.

## BACKGROUND

Plaintiff is engaged in the business of manufacturing explosives. At all relevant times, defendant Anita Phillips was employed by defendant the Office of Fire Marshal ("Marshal") and responsible for permitting decisions. Plaintiff planned to use his products in a "special effects pyrotechnic show" on July 4, 2012, in Pleasant Hill, Oregon. Pl.'s Supplemental Mem. 2. Phillips refused to issue a display permit for the show because plaintiff did not "possess a license to sell wholesale" under Oregon law. Compl. ¶ 6; Pl.'s Supplemental Mem. Ex. D.

On June 23, 2014, plaintiff filed a complaint in this Court, alleging: (1) deprivation of his constitutional rights[1] in violation of 42 U.S.C. § 1983; and (2) reckless interference with economic activity. Plaintiff sought $66,000 in economic damages, which correlates to "his fee for the special effects show," and $100,000 in non-economic damages resulting from emotional distress.

---

[1] The Court construed plaintiff as alleging solely a deprivation of due process claim under the Fourteenth Amendment against Phillips. Tanner v. Phillips, 2014 WL 5494908, *1 n.2 (D.Or. Oct. 28, 2014) (citation omitted). Plaintiff does not now challenge this finding, although, as discussed below, he attempts to expand the federal bases of his lawsuit.

Page 2 - OPINION AND ORDER

Compl. at pg. 5. On October 28, 2014, the Court granted defendants'
motion to dismiss and dismissed the case.

On November 18, 2014, plaintiff filed a notice of appeal with
the Ninth Circuit. Plaintiff lodged his opening appellate brief on
January 9, 2015, and defendants filed their answering brief on
April 29, 2015. Plaintiff then retained counsel and sought an
extension of time from the Ninth Circuit. On July 17, 2015,
plaintiff filed the present motion for an indicative ruling.

## STANDARDS

Pursuant to Fed. R. Civ. P. 60(b), the court may vacate a
final judgment for "any other reason that justifies relief." Fed.
R. Civ. P 60(b)(6). The "catch all" provision, Fed. R. Civ. P.
60(b)(6), is "used sparingly as an equitable remedy to prevent
manifest injustice," such that "[j]udgments are not often set
aside" under this subsection. Latshaw v. Trainer Wortham & Co.,
Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (citations and internal
quotations omitted). Thus, Fed. R. Civ. P. 60(b)(6) "is to be
utilized only where extraordinary circumstances" are present. Id.
(citations and internal quotations omitted); see also United States
v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.),
cert. denied, 510 U.S. 813 (1993) ("Rule 60(b)(6) relief normally
will not be granted unless the moving party is able to show both
injury and that circumstances beyond its control prevented timely
action to protect its interests").

The party seeking reconsideration bears the burden of
establishing that such relief is warranted. Backlund v. Barnhart,

778 F.2d 1386, 1388 (9th Cir. 1985); Fed. R. Civ. P. 60(b).
"Whether or not to grant reconsideration is committed to the sound
discretion of the court." Navajo Nation v. Confederated Tribes &
Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir.
2003).

The court's power under Fed. R. Civ. P. 60(b) is limited:
"filing of a notice of appeal divests the district court of
jurisdiction." Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769,
772 (9th Cir.), cert. denied, 479 U.S. 987 (1986) (citation
omitted). Under Fed. R. Civ. P. 62.1, when a timely motion for
reconsideration is made, but jurisdiction is lacking, the district
court has three options: it may defer consideration of the motion,
deny the motion, or issue an indicative ruling "stat[ing] either
that it would grant the motion [for reconsideration or] that the
motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). If the
district court elects to issue an indicative ruling, the movant
must notify the circuit clerk and, upon remand "for that purpose,"
the district court "may decide" the Fed. R. Civ. P. 60(b) motion.
Fed. R. Civ. 62.1(b)-(c).

## DISCUSSION

Plaintiff asserts numerous reasons for relief from judgment in
the case at bar. Specifically, plaintiff argues that the underlying
decision: (1) "did not defer to Ninth Circuit precedent protecting
pro se plaintiffs from innocent pleading errors"; (2) "did not
adequately consider whether [his] display-permit application
actually satisfied the applicable Oregon laws and regulations"; (3)

Page 4 - OPINION AND ORDER

"did not adequately consider the substantive due-process and equal-protection violations that were expressed and implied"; (4) "should not have required [him] to submit to an unconstitutional administrative procedure"; (5) "did not adequately consider whether the Defendants' purported basis for the denial of the permit – i.e., that [he] did not provide necessary information – actually was reasonable"; (6) "did not consider whether the Oregon Fireworks Law . . . was void for vagueness"; (7) "did not take into account the fact that [he] sought injunctive relief"; and (8) "did not adequately consider whether [his] pleading in the alternative overcame [Phillips'] defense under the Oregon Tort Claims Act." Pl.'s Req. Indicative Ruling Ex. 1, at 9-10.

Initially, the Court explicitly "acknowledge[d] his pro se status" in evaluating defendants' motion to dismiss and identified the proper standard of review. Id. at 13; Tanner, 2014 WL 5494908 at *1. Plaintiff's first argument also ignores the fact that his claims were dismissed as a matter of law. Tanner, 2014 WL 5494908 at *2-4; see also Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (pro se complaint may be dismissed without leave to amend "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Contrary to plaintiff's assertion, the Court's consideration of his briefs, in conjunction with evidence that was either submitted by plaintiff, incorporated by reference into the complaint, or related to subject-matter jurisdiction, did not convert defendants' motion to dismiss into one for summary

Page 5 - OPINION AND ORDER

judgment. <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir.
2003); <u>Kingman Reef Atoll Invs., LLC v. United States</u>, 541 F.3d
1189, 1195 (9th Cir. 2008). Likewise, to the extent plaintiff
contends that the Court "must allow oral argument," his argument is
unavailing.[2] Pl.'s Req. Indicative Ruling Ex. 1, at 14; <u>see also</u>
<u>Partridge v. Reich</u>, 141 F.3d 920, 926 (9th Cir. 1998) ("a district
court can decide the issue without oral argument if the parties can
submit their papers to the court").

Additionally, the majority of the issues set forth in
plaintiff's motion are not properly before this Court, as they were
not raised in either his complaint or initial briefs. <u>Carroll v.</u>
<u>Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003); <u>see also</u> <u>Zimmerman v.</u>
<u>City of Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001) ("a party that
fails to introduce facts in a motion or opposition cannot introduce
them later in a motion to amend [under Fed. R. Civ. P. 60(b)]
unless they were previously unavailable") (citation omitted). For
instance, plaintiff did not allege federal claims for equal
protection, void for vagueness, or "that the permitting scheme
itself is unconstitutional." Pl.'s Req. Indicative Ruling Ex. 1, at

---

[2] Although defendants sought oral argument, plaintiff did
not request, or even mention, oral argument in his opposition. In
October 2014, plaintiff moved "for an Order compelling Marion
County Deputy Sheriff Matt Hingston to appear at the hearing to
be set for oral argument so that he can testify to the Return of
Services he prepared on June 27, 2014." Pl.'s Mot. Compel 1. The
underlying decision, however, did not rely on plaintiff's
allegedly inadequate service of process; the Court therefore
denied plaintiff's motion to compel as moot. <u>Tanner</u>, 2014 WL
5494908 at *1-4. The Court also expressly considered and
addressed the additional arguments and evidence first raised in
plaintiff's supplemental memorandum. <u>Id.</u>

25. Similarly, beyond generally reciting that he should "be awarded his costs and disbursements and any other equitable relief he is entitled to as a matter of law," plaintiff did not allege any facts or cite to any law from which this Court could infer a claim for injunctive relief. Compl. pg. 8.

Concerning his state law claim, plaintiff did not include any alternative allegations that would render the Oregon Tort Claim Act's notice provision inapplicable. Plaintiff expressly stated in his complaint that Phillips was "an employee of the state of Oregon's Fire Marshal's office [and] acting at all times with the scope of her office, but outside the scope of her authority." Id. at ¶ 3. This allegation is reasonably construed as indicating that Phillips was acting within the scope of her employment, albeit improperly; plaintiff's arguments opposing dismissal reinforce that Phillips' allegedly wrongful actions were exclusively related to the exercise of her official Marshal duties. See, e.g., Pl.'s Resp. to Mot. Dismiss 3-4; Pl.'s Supplemental Mem. 2; Pl.'s Req. Indicative Ruling Ex. 1, at 15-17; see also Center for Legal Studies, Inc. v. Lindley, 64 F.Supp.2d 970, 974-76 (D.Or. 1999), aff'd, 1 Fed.Appx. 662 (9th Cir. 2001) (defendant was acting within the scope of his employment pursuant to Or. Rev. Stat. § 30.265 where the conduct was of the kind he was hired to perform and occurred within the workplace; plus, he was motivated, at least in part, by a purpose to serve his employer) (citations omitted). Even presuming that plaintiff adequately raised these matters, motions for reconsideration are not vehicles though which an unsuccessful

Page 7 - OPINION AND ORDER

party can rehash previously rejected arguments. <u>United States v.</u> <u>Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (citations omitted).

Moreover, plaintiff neglected to identify any extraordinary circumstances or a corresponding injury. He currently has an appeal pending and "nearly all of the issues [he] raised in his Rule 60(b) motion (though counsel) have already been raised in [that] appeal." Pl.'s Reply to Req. Indicative Ruling 3-5. As such, the extraordinary relief plaintiff seeks from this Court can be obtained from the Ninth Circuit. <u>See</u> Pl.'s Req. Indicative Ruling Ex. 1, at 10 (arguing only that his appeal to the Ninth Circuit is "premature" and "judicially inefficient" because this Court erroneously dismissed his complaint).

In other words, the fact that plaintiff elected to initially proceed pro se and failed to provide any legal or factual basis for his claims, as well as failed to seek counsel or amendment in response to defendants' meritorious arguments in favor of dismissal, is not extraordinary; nor is it extraordinary that plaintiff, once having obtained counsel and an adverse ruling, conceived of several additional arguments and/or claims. Significantly, plaintiff does not cite to a single case in support of the proposition that his motion for reconsideration has merit or presents a substantial issue. <u>See generally</u> Pl.'s Mot. Indicative Ruling; Pl.'s Reply to Mot. Indicative Ruling. An independent review of the pertinent case law reveals that a finding of extraordinariness has generally been confined to the following

Page 8 - OPINION AND ORDER

circumstances, none of which are implicated here: attorney misconduct, an intervening change in the law combined with certain other factors, a change in factual circumstances, or repudiation of a settlement agreement and/or other procedural oddities. See, e.g., Lal v. California, 610 F.3d 518, 520-25 (9th Cir. 2010); Phelps v. Alameida, 569 F.3d 1120, 1132-34 (9th Cir. 2009), cert. denied, 558 U.S. 1137 (2010); Native Ecosys. Council v. Weldon, 2012 WL 5986475, *2-3 (D.Mont. Nov. 20, 2012); VanLeeuwen v. Farm Credit Admin., 600 F.Supp. 1161, 1164 (D.Or. 1984).[3]

In sum, because the underlying decision is not clearly erroneous and no extraordinary circumstances are present, the Court is not inclined to reconsider its prior ruling should jurisdiction

---

[3] While not dispositive, plaintiff misconstrues certain facets of this case. Namely, plaintiff concludes that he did not need a wholesale license for the requisite display permit, especially because he "would be producing the . . . show himself using his own pyrotechnics." Pl.'s Req. Indicative Ruling Ex. 1, at 12. Yet the record evinces that the July 4, 2012, demonstration involved the use of 1.4G outdoor fireworks and was to be administered by a third-party. Second Phillips Decl. Ex. 3; see also Pl.'s Req. Indicative Ruling Ex. 1, at 25-26 (recognizing that, under Oregon law, a limited permit is required for 1.4G outdoor fireworks, which must be obtained from a licensed wholesaler). Further, the statutes and administrative rules cited in plaintiff's motion, when read in their entirety, plainly required a wholesaler who provides or displays fireworks in 2012 to hold a permit. Pl.'s Req. Indicative Ruling Ex. 1, at 15-17, 25-26. Plaintiff admits that these sources of law "are confusing, with scattered definitions, some of which seem to vary depending on the context," such that "determining the specific statutory and regulatory requirements for a permit under Oregon law [is] complicated even for a legal professional." Id. at 16. Once these issues are clarified, it is unclear how Phillips was "plainly incompetent [or] knowingly violate[d] the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see also Pl.'s Supplemental Mem. 4 ("the actions alleged to have been taken by defendant Phillips were not intentional [but rather] were reckless").

Page 9 - OPINION AND ORDER

be restored. The Court also notes that plaintiff is not without other remedies; aside from his pending appeal, he contends that defendants' allegedly wrongful actions are ongoing, such that nothing prevents him from initiating another lawsuit. Compare Pl.'s Supplemental Mem. 2 (stipulating that "[i]t is only this July 4, 2012 event that is the subject of his complaint, and no others"), with Pl.'s Reply to Req. Indicative Ruling 8 ("he is still unable to file an application for a fireworks display permit with any confidence of receiving the Fire Marshal's approval") and Pl.'s Resp. to Mot. Dismiss Ex. B (contending, on June 20, 2014, that defendants' "civil rights violations and reckless interference with [plaintiff's] economic relations start[ed] in 2008 and continu[e] to this day").

## CONCLUSION

Plaintiff's request for an indicative ruling (doc. 33) is DENIED.

IT IS SO ORDERED.

Dated this 27 of August 2015.

_Ann Aiken_

Ann Aiken
United States District Judge